IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------x
:
UNITED STATES OF AMERICA          :       3:01 CR 233 (CFD)
:
v.                                :
:
DARA MORRISON                     :       DATE: NOVEMBER 21, 2005
:
-----------------------------------------------------x

## ORDER OF DETENTION

As discussed in the Petition on Probation and Supervised Release, filed November 8, 2005 (Dkt. #55), and the court hearings held on November 17 and 21, 2005 (see Dkts. ##56 & 60), after being released from prison on April 1, 2005, defendant reported to the U.S. Probation Office ["USPO"] on April 1, May 3, and June 6, 2005, but failed to report on July 5, August 2, September 6, and October 4, 2005. Attempts to contact her by letter and a home visit, at her mother's residence in West Haven, were unsuccessful. Defendant's final revocation hearing is scheduled for December 9, 2005, at 3:30 p.m., before U.S. District Judge Christopher Droney.

According to the Assistant United States Attorney ["AUSA"], defendant is under investigation for three incidents of bank fraud: (1) for two altered checks, totaling $3,000, prior to her self-surrender for her sentence, which is under investigation by the Secret Service; (2) for cashing stolen checks, totaling $17,000, at a local bank, while on supervised released, which is under investigation by the Secret Service; and (3) for cashing stolen checks, totaling $2500, which is under investigation by the Milford Police Department.

Defense counsel suggested that defendant be released on bond, to be cosigned by her mother, Robin Morrison, that Robin Morrison serve as third-party

custodian, and that defendant be subject to house arrest. Robin Morrison is not employed outside the home, as she is raising two of defendant's children. (The third child lives with defendant's grandmother. Defendant is presently five months pregnant.)

As the AUSA and USPO responded, defendant was residing with her mother while these alleged violations occurred.

As stated in open court, the Government's Motion for Pretrial Detention is <u>granted</u>, in that the conditions suggested by defense counsel are virtually identical to those that failed in the recent past, namely from July 2005 through the present. However, as further indicated in open court, this finding is <u>without prejudice</u> to defendant filing a motion for reconsideration. Defense counsel is urged to work with USPO in attempting to locate a halfway house, that could provide structure in defendant's life, while at the same time attending to the important medical needs of defendant and her unborn child.

Dated at New Haven, Connecticut, this 21st day of November, 2005.

_____/s/_____
Joan G. Margolis
U.S. Magistrate Judge